The first case we will hear today is Gregory v. Comm Internal Revenue 19-2229. And it's Mr. Roberts who will be arguing on behalf of the appellants? Yes, Your Honor. Terrific. And would you like to reserve some time for rebuttal? Yes, three minutes, Your Honor. Okay, will do. Okay, you may proceed. Let me ask, do we have a law student on this case? Yes, Your Honor. This is Keith Fogg. I direct the tax clinic at Harvard Law School. And I'm the counsel of record in this case. And I would like to introduce Oliver Roberts, the student in the clinic, who will do the oral argument. Terrific. Thank you. It's great to give a student a chance like that. It is. It's great. And, of course, the motion was unopposed and we did grant it. So we look forward to hearing from Mr. Roberts. So, Mr. Roberts, you can begin. Thank you, Your Honor. May it please the Court, Oliver Roberts of the Harvard Legal Services Tax Clinic, on behalf of the appellants, Damian and Shayla Gregory. Gregory has asked that the Court rule that the IRS statutory notice of deficiency, now to the Gregory's old address, be deemed invalid because it was not sent to their last known address, pursuant to IRC 6212B1. The Court is faced with two legal questions today. The first is whether the filings in the Form 2848, which is a power of attorney, and a Form 4868, a filing extension form, constitute clear and concise notice of a change in address from the address in the most recently filed tax return. Trying on five decades of case law, the appellants argue in the affirmative that these forms do, in fact, constitute clear and concise notice of a change in address. The second legal issue... Well, counsel, most of... Okay, go ahead. Tell us your second point. Go ahead. Thank you, Your Honor. The second legal issue before the Court today is whether the Court should give judicial deference to the IRS's interpretation of clear and concise notice of last known address in Red Prop 2010-16. With respect to the second question, the appellants answer in the negative. They do not believe the Court should give judicial deference to this Red Prop, which was issued without notice in common to the public. The IRS asks that this Court give deference to its Red Prop over well-established case law spanning several decades, yet the IRS also takes the position that deference is not an issue in this case. The appellants strongly disagree on that.  The Gregory's argue that the filings of Form 2848 and 4868 constitute clear and concise notice of a change in address. In support of this contention, the Gregory's draw on five decades of well-established case law from both the tax court and the appellate court level. These cases include expanding envelope, which is a Third Circuit case, binding on this court, Johnson, a Fifth Circuit case, and Hunter and Downing, which are two tax court cases. The procession of this five decades of case law establishes that there's an expanding approach to updating last known address. More forms, such as a 2848 and 4868, will update last known address. Moreover, these cases emphasize that the ultimate determination comes down to what the IRS knew or should have known at the time they sent out the statutory notice of deficiency. That's relevant. That's highly relevant in this case because at the time the IRS sent out their statutory notice of deficiency to the Gregory's old incorrect address, they had in their hand 22848 with the new address, 11 months before they sent out the statutory notice of deficiency. They had in their hand a 4868 form six months before they sent out the wrong address form. Excuse me, Counsel. You talk about what they have in their hands, but they aren't sitting there looking at it. It's in a file. And it's not necessarily even in the file that they have on their desk. The last known address, I'm sure, pops up, and when they send out the notice of deficiency, are they required to review the whole file on this taxpayer to see what addresses may be in it? So, Your Honor, to take the first part of that question, I say in the hand of the IRS because the Gregory's worked directly with IRS agent Lauren Buzzelli. They worked directly over this time, so the Gregory's were sending the 2848 directly to an agent, Lauren Buzzelli. They gave oral notification through their CPA directly to a revenue agent. So this revenue agent was in constant contact with the Gregory's all the way up until the statutory notice was sent out. This wasn't the Gregory's just sending in forms to an IRS fraud system. It's directly to you. To take the second part of your question, should the IRS have to check their systems or is the burden on the IRS? My answer is yes, it is. And you can look to the seminal case of Abelles in 1988, which established that. In Abelles, the tax court stated that the IRS is charged with the knowledge that it has on hand, which is information it has in its systems. Back in 1988, the court also said that it would take only a minute for the IRS to check its systems and update its last known addresses and kind of look through what information it had. Now, 32 years later, that would take seconds. So the burden was established and placed on the IRS back in 1988 because it had technology that allowed it to. And now 32 years later, the IRS has continued to expand its technology. Now there's a lot of its forms online. So that burden is still on the IRS, but now it just takes seconds. So to answer your question, Your Honor, I'd say emphatically yes, that it is on the IRS to check through its systems. And it's also that contention. Yes, Your Honor? Oh, no. Finish it up, and I'll ask you a question. Thank you, Your Honor. So, again, that burden has been placed on the IRS. That's not me placing that burden. That is the tax court putting that burden on the IRS. And that is juxtaposed to Gregory's active engagement with a revenue agent. They directly worked with one singular agent, Lauren Buzelli, throughout this time. So that burden is placed on the IRS across the board through their systems, and also the burden is on the IRS agent to know, through the four different forms of communication, that the address was updated. What about, as my understanding is, that there's a new form, 2848, tell me if I'm wrong on that, that says that this will not be honored for any other purpose. And does that foreclose your reliance on at least 2848 to change to be a clear and concise advice of change of address? Your Honor, you're correct in stating that there is a new form. However, the IRS attempts to argue that the new instructions and cautionary language on the form disallows their usage to update last known address. But the disallowing language appears nowhere on the form. If you look at it, 2848, this language is nowhere on the form. It's in a supplemental booklet with no special highlights, and it's embedded among instructions for many other forms. So that claim by the IRS that the disallowing language is on the form is not completely accurate. What you're referring to, Honor, is cautionary language that was added to the form. The exact language is form 2848, will not be honored for any purpose other than representation before the IRS. This language does appear on the form, but it is very ambiguous. Just two examples I'll give for you for how ambiguous it is. A reasonable taxpayer can look at these instructions and think, okay, the IRS asked me for my address. I placed it on the very first line of this form, and I am now representing to the IRS that I live at this address. A reasonable taxpayer can have that perspective, and that actually fulfills the cautionary language. The cautionary language, therefore, would not disallow the updating of an address because they are, in fact, representing themselves before the IRS. Doesn't it make sense to have sort of a unified system of how to change an address? I mean, there are instances where people temporarily are not in their home address. Let's say they're having their house redone, and they're living somewhere else, and they happen to put down where they're temporarily residing, and they put that on the form 2848 or 4868. I mean, and maybe it just seems that if any old thing, any address you put down, it could be kind of a little bit of a shell game to the IRS to figure out exactly which address they should be going with. What do you say to that? So, Your Honor, we're arguing specifically that these forms at issue 2848, 4868 should update last known address because it's well-established in case law. We're not asking for any old form like a W-2 or a 1090 to update address. This is a form that's been well-established for five decades as a mechanism for updating last known address. It was a well-established taxpayer practice to use these forms, and five decades of case law allows it. Two revenue procedures also allow it. Revenue procedures from the 1990s and 2000s allow it. And then the IRS came in in 2010 and disallowed usage of this form. So the IRS essentially restricted a taxpayer right, a well-established practice, for updating last known address, and they circumscribed the jurisdiction of the tax court by shutting out taxpayers from review of their tax efficiencies. Isn't that where this case ought to end up? Isn't this where we ought to end up? We're not in 1990. We're in 2020, and aren't the forms rather clear about how in the computer and everything else about here's the way you change your address with the IRS? I mean, do we just ignore that? Your Honor, so I believe you made a great point in pointing out that this is no longer the 1990s. It's 2020, and the IRS is ever-expanding technological capabilities. So they're able to cross-reference their systems. As I mentioned, there was four different methods of notification to the IRS and directly with a revenue agent. So if the IRS just uses its advanced technology, which has been very advanced since the 1990s, they would be able to see that the Gregory's did update their address and tried to inform the IRS four different times. So being that we're now in modern times, the burden is on the IRS to use their advanced systems, which would take seconds. And again, Your Honor, as I established, the disallowing instructions are nowhere on the form. They're in a supplemental booklet. The language on the form itself is extremely ambiguous, and I provided just two reasonable interpretations for how a taxpayer could still think this form can be used to update the last known address. And going back to another one of your points, Your Honor, you said that we should have an established uniform system. Yet the IRS allows the last known address to be updated through many different mechanisms. They outlined six of them in their brief. One of those, the second one that they actually point out, is that any form from the IRS that requires a response from the taxpayer, the taxpayer could actually cross out their old address and put their new address on there. That is not a uniform system. That is a very informal process. And the IRS also has many other informal processes. The one here that I'm establishing, the 2848, is a well-established practice in law. This has been a uniform approach for updating the last known address in both the tax court and appellate court level for five decades. So, Your Honor, I agree with you. I think that there should be uniformity, and uniformity has been established specifically for the 2848 already in five decades of case law. The IRS is now saying you can't. I think you only have about a minute and a half. Maybe you can go to the revenue procedure 2010-16 and maybe start off with, you know, you talk about deference. The IRS is not talking about deference. This is a procedure, and usually when we talk about deference, we're talking about what type of weight we should give to an agency's view of what a statute says, for instance. This is not that at all. Why do we even have to get into the issue of deference here? Your Honor, if the IRS wants to win this case, they need to win deference argument in this case. Yet they have conceded it. They've conceded Auer. They've conceded Chevron. On page 41, footnote 6, this is explicit in their concession of these. Yet Skidmore is a live issue. So I'll first take your point and establish why deference is important in this case. As I stated, there's appellate court case law, there's tax court case law, establishing a 2848 form as a mechanism for updating last known address. It's a well-established practice. It's essentially a taxpayer right to update their address in these forms, receive a statutory notice of deficiency at their home address, and then petition the tax court. If a statutory notice of deficiency is not sent to the proper address, the taxpayer, like in this case, does not have the opportunity for judicial review of their tax deficiency. They're then forced to pay that deficiency to ever even have their first opportunity in court. And that's why this is such a vital issue. The IRS is coming in with a revenue procedure issued without notice and comment, and they're attempting to alter taxpayer rights and alter the jurisdiction of the tax court. A statutory notice of deficiency, as the IRS also acknowledges, is the jurisdictional ticket to the tax court, and the IRS is foreclosing this opportunity for many taxpayers and circumscribing the jurisdiction to the tax court. So if the IRS wants to alter it. Your 12 minutes are up. So I'll ask my colleagues if they have anything they'd like to ask. Thank you, Judge Chigaris. May I ask just a question on 4868? What is your argument under that? Yes, Your Honor. So we're arguing that this form in itself, along with all the other communications, the 2848 and oral notification as a whole, create facts and circumstances that fulfill clear and concise notification by the Gregory's to the IRS. So a mere request for an extension. If he had filed the return and hadn't asked for an extension, that would have satisfied the change of address issue. Is that right?  I apologize. If instead of filing a request for an extension, he had actually filed the income tax form, that would have satisfied the change of address. Is that correct? Yes, Your Honor. That's correct. That's the main mechanism for updating less than address established in Treasury Reg 30162-12. Okay. Good. Thank you. Judge Roth, do you have anything? No, I have nothing further. Thank you. Okay. Thank you. We'll hear you on rebuttal, and now we'll hear from Mr. Clark. Okay. Thank you, Your Honor. May it please the Court, Thomas Clark on behalf of the Commissioner. Let me start out with a question. Excuse me. The Petitioner said that the IRS can cross-reference its systems and find the most recent address in a matter of seconds. Is that correct? As far as I know, the IRS computer systems are not set up in that way right now that they can do that, and I don't know what kind of programming issues would be involved in doing that. So that's the answer to that question. Okay. Thank you. Okay. The default rule that governs this case is that the taxpayer's last known address is the address shown on the most recently filed tax return. Now, there's no dispute in this case that that address was the Jersey City address. That's where the IRS sent the notice of deficiency. So if the default rule applies, the IRS wins. Now, if a taxpayer does not want that default rule to apply, the taxpayer must send clear and concise notification to the IRS of a different address. It is the taxpayer's responsibility to do that. And this is one point on which I would vehemently disagree with the appellant in this case, is that there is no burden on the IRS. The regulation is clear that the last known address is the address shown on the last filed tax return unless the taxpayer gives a clear and concise notification. It's the taxpayer's burden to provide that notification. And I think some relevant language is from this Court's 1967 opinion in Delman, which both parties cite in their brief, which says that this rule, this last known address rule, is there to protect the IRS when a taxpayer fails to notify him of a change. And it is not to be used as a sword by the taxpayer. Now, Gregory's argument in this case is that their power of attorney form was sufficient to notify the IRS of a change in their clear and concise notification of a change of address. We think that is incorrect for two reasons. First, all that address provided on the power of attorney form was that there is a possible other address for the taxpayer. That form does not tell the IRS we no longer want notices to be sent to Dirty City. We now want it to be sent to Rutherford. So all the IRS has now is a possible other address, and there is no burden on the IRS to go any further. It is the taxpayer's burden to provide clear and concise notification of a different address. The second reason why we think that Gregory's argument is wrong in this case is that on the facts of this case, there is a power of attorney form that explicitly cautions the taxpayers and their representatives that that form will not be honored for any purpose other than representation before the IRS. And where does that appear? That appears on the top of the power of attorney form. In part one of the form, in bold letters, it says power of attorney, and then in bold letters, there is a caution. And the second sentence of that caution says the form 2848 will not be honored for any purpose other than representation before the IRS. Contrary to what the Gregory's are advancing today, I don't think it can be said that there is anything ambiguous about that. The IRS is not going to honor this form for any purpose other than recognizing that the person named on that form can appear before the IRS as a representative of the taxpayer. And was this a change of regulation or was this some other? What was the authorization for this addition to the form? Well, the authorization, I think, is that there's an attempt by the IRS, I think, to alleviate some of the uncertainties that have led to a whole lot of litigation for more than 50 years in the courts. It wasn't until 2001 that the IRS finally promulgated the Treasury Regulation, setting forth the default rule unless the taxpayer gets clear and concise notification of a change in address.  There is notice to the taxpayers that what will constitute clear and concise notification will be set forth in revenue procedures that the IRS issues. The reason this all makes sense is because the IRS is a large organization that has really an awesome responsibility to administer a tax system with hundreds of millions of taxpayers who file hundreds of millions of tax returns every year. Now, if you take a comparable large organization in the private sector, a large corporation, they might spend hundreds of thousands of dollars hiring a business consultant like Deloitte or Booz Allen Hamilton to help them devise their best operating systems so that they can operate as efficiently as they think possible. Well, the IRS obviously doesn't have the wherewithal to do that. It works on limited funding. But the rep proc here and the IRS's website and all the information we give out, including on the forms itself, should be seen, I think, as a reasonable effort by the IRS to create some certainty in this area that has led to a lot of litigation in the past. And that's what has happened here, is that the Treasury regulation itself refers to and informs taxpayers to refer to the revenue procedures. The IRS's website has a list of ways in which you can advise the IRS and give clear and concise notification. The IRS has even created a separate form, the Form 8822, which is a change of address form, which tells taxpayers... I'm sorry. Yeah, excuse me. The language that this will not be honored for any other purpose, did that require notice and comment in your view? No. I think that all of this should be seen as the IRS providing reasonable guidance to taxpayers as to how taxpayers can give the agency clear and concise notification of what the change in address can be. Are you saying, counsel, that these forms and other things create a bright line? I mean, is there no set of circumstances where the IRS would not have acted unreasonably, given its possession of information? I mean, let's assume they received all kinds of formal letter, other things. You know, you seem to be taking a very hard line on, these forms say this and there's just no argument about it. So my question is, isn't it possible that there are circumstances where, I mean, your argument is, I think your argument here is, given what this record says. But what if the record said something different? What if they had other notice? Could a taxpayer prevail? That's a good question that I was actually anticipating. And the revenue procedure itself says that if the taxpayer no longer wishes the address of record to be the one on the last shown tax return, a clear and concise notification should be provided to the service as defined herein in the revenue procedure. That does not go so far as to say that these five ways or six ways are the exclusive means of giving clear and concise notification. And so, you know, I guess I would not ask the court to write an opinion saying that, you know, the revenue procedure provides the exclusive means. But I think that in this case where the admonishments and the cautions and the warnings to the taxpayers are so clear on the form itself and on the instructions that I don't think that we have to go any further than that. Excuse me. Go ahead, Judge Rowe. Haven't you just given away your game by saying that the revenue procedure does not provide the exclusive means? Well, it does not go so far as to say that it does not expressly state that it is the exclusive means. All right. Then shouldn't we listen to what your opponent is saying, that the taxpayer here was working with one particular agent and this isn't just something out of the blue where no one in the IRS is familiar with the case. This is a particular taxpayer working with a particular agent and then a notice is sent to the wrong address. And isn't there a lot of equity in that situation where you're saying that this taxpayer was working with someone particular? Okay, I have two responses to that, Judge Rowe. Number one, there is nothing in the record that I'm aware of, and they can correct me if I'm wrong, but there's nothing in the record that I'm aware of which says that even though, based on the power of attorney form, the agent was working with the taxpayer's representative, there is nothing in the record that ever said where the representative told the agent, oh, by the way, the taxpayers have moved to Rutherford, New Jersey, from Jersey City. Nothing in the record says that. And number two, if you get into equity, which I don't think that you go there in light of the language of the Treasury Regulation, but to the extent you go into any equitable considerations, a person demanding equity is supposed to come to the court with unclean hands. And if you look at what happened here, the taxpayers filed a tax return that had the wrong address. They admit it was the wrong address. The taxpayers presumably reviewed the return after the representative put the wrong address, did not correct it. The taxpayers never, ever filed an amended return or notified the IRS, oh, by the way, we had an incorrect address on that return. But both the taxpayers and their representatives apparently never looked at the Treasury Regulation, never looked at the revenue procedure, and did not read the caution or the instructions on the form themselves. And so this is not a case where I think that the taxpayers themselves can come in and demand equity simply because they were working with the agent. They apparently never told the agent, by the way, all notices should be sent to the Rutherford address, not Jersey City. I think my time is up. No, you've got 15 minutes. I only have you at about 12. Do you want to deal with the revenue procedure? I'm sorry, could you repeat that? Do you want to deal with the revenue procedure? Okay, the revenue procedure, as we said in our brief, I don't see deference being an issue in this case. The tax court itself, although it asked for a briefing on the issue, in its opinion the tax court did not refer to deference and it apparently gave no deference to the revenue procedure other than pointing out that the conclusion it reached, based on the language of the forms and the instructions, is consistent with the revenue procedure. So I don't think that's saying that the tax court gave deference to the revenue procedure. And in any event, if you want to get into deference, what the IRS argued in the tax court below is that at best the revenue procedure would be entitled to deference under Skidmore, and of course Skidmore would give deference to the extent that it has the power to persuade. And if we're not persuading you by what we're arguing now, then I don't know the revenue procedure is going to add anything more to what we've argued in our brief and what we're arguing today. So I just don't really see deference being at issue in this case. I think that what this case comes down to is the facts. But, Counselor, you would like us to consider it, right? Well, yes, and the tax court did itself. I mean, the tax court did go through with what the regulation said, what the revenue procedure said, and what the forms and the instructions all say. And, yes, the tax court all went into that. So, yes, I could certainly see that, you know, in your opinion, you might want to say, well, the IRS has given all of this guidance to taxpayers, and if the taxpayers miss all of this, that they're hardly in a position to complain that the IRS did not send the notice to the last known address. I have nothing more to add unless there are more questions. Judge Sirica or Judge Roth, do you have anything more? No, nothing. Okay. All right. Thank you, Counsel. Okay. We'll hear the rebuttal then. Yes, Your Honor. May it please the Court. I just want to address a couple of quick points. First, it should be highlighted that we have a vital taxpayer right here. The statutory notice of deficiency going to the proper address is a jurisdictional ticket to the tax court to seek judicial review of a tax deficiency. This is a vital right. The IRS claims they're creating certainty with this revenue procedure 2016, but I think it's been well-established and highlighted by Judge Roth that there's more ambiguity here. As the IRS has claimed and stated themselves, this is not the exclusive means for updating last known address in the REBPROC. Therefore, this REBPROC comes in, it derogates from five decades of case law, derogates from the IRS's own previous pronouncements in 1990 to 2000, and creates a new rule. Yet with that rule, those are not the exclusive means. There is so much ambiguity in this case, yet the IRS wants deference in practice and in name but is not arguing it in this case. They're seeking deference to the revenue procedure, although there's so much ambiguity going on in the background. This revenue procedure was issued without notice and comment, so the public did not have any input on this. So ultimately, a taxpayer, a well-established taxpayer practice, and a right to use a 2848 to get their day in court has been consumed by a revenue procedure that is ample ambiguity, that is derived from a regulation that is ample ambiguity, and is a practice that is not exclusive and allows for a lot of other mechanisms to update last known address. There's no clarity in this case, and the taxpayers were not put on proper notice. The IRS attempts to claim that the cautionary language on the 2848 provided ample notice, but I already addressed why there are very reasonable alternate understandings of that cautionary language and why that should update last known address. Judge Shurkin made a great point in stating that in asking opposing counsel what exactly the reproc is, and the response was that it's guidance to a taxpayer. So in essence, the IRS is asking for guidance to overturn five decades of case law and derogate from two previous revenue pronouncements from the IRS itself. They're circumscribing a taxpayer right, they're circumscribing a tax court jurisdiction, all through guidance that the public had no notice of and no involvement in. Excuse me, may I ask a question? Yes, Your Honor. Yes, Your Honor. What is the narrowest ground on which your client prevails? Your Honor, so we're first asking, as a matter of law, the 2848 be deemed clear and concise notice, and the alternative, and what this will likely be the more narrow ground, is that based on the facts and circumstances of this case, that Gregory's provided clear and concise notice of an updated address through the 2848, through the 4868, and through oral notification of the new address. And just to address the point raised by the IRS in their dispute of the tax court record. That's not a very narrow ground. Your Honor, the narrow ground would be based on the facts and circumstances of the Gregory's immediate case. So you look to what their communications with the IRS were. Those would be the 22848, the 4868, and oral notification. So how the court could rule today is saying, based on all these communications, that Gregory did, in fact, provide clear and concise notice to the IRS. And he can make a holding in that narrow way. And that would be consistent with the case in Johnson, Pitt Circuit. The court did the same thing there, where they looked to the facts and circumstances of the case, and held in favor of the taxpayers. Counsel, hold on, hold on, hold on. Counsel, your time's about up, but I have a question for you. Yes, Your Honor. You had spoken in your opening argument about that the IRS's computer systems can easily detect a new address. Your adversary disputed that. Is there anything in the record about this? Your Honor, so you go up to the case of the Bellies, the 1988 case, which ultimately became the Treasury Regulation addition here. The court, in that case, citing Crum, another D.C. Circuit case, stated that back in 1988 the IRS could check its systems without undue effort or delay. That was back in 1988. So now 32 years later. What's the name of that case? The Bellies? What's the name of that case? That is 91 Tax Court 1019 is the site. And it cites Crum, a D.C. Circuit case. And that's 635 Federal Porter, 2nd Edition, 895. Okay. Thank you. Judge Stricker, Judge Roth, do you have anything more you'd like to ask? No, I don't. Okay, great. Well, we'd like to thank counsel. And in particular, Mr. Roberts, a fantastic job. Have you argued before a court of appeals yet? Thank you, Your Honor. This is my first time. Terrific. Well, you did a terrific job. Really, really great work. It shows what a Harvard Law School education will do for you. Thank you. Thank you. And, Mr. Fogg, thank you for your excellent supervision and mentoring of Mr. Roberts. And, Mr. Clark, thank you as well. Thank you. Okay. And, Mr. Clark, thank you as well for your excellent briefing and argument in this case. We'll take the case under advisement and wish that you and your families keep healthy and stay safe.